Civil No. 2244.   Filed May 22, 1925.]

[236 Pac. 720.]

## MARYLAND CASUALTY COMPANY, a Corporation, Appellant, v. W. O. SWEEK, Appellee.

1. APPEAL AND ERROR—INSTRUCTION, THAT THERE WAS NO DENIAL THAT SERVICES RENDERED BY PHYSICIAN WERE WORTH SUM SET UP IN COMPLAINT, HELD NOT MISLEADING.—In physician's action for compensation for services, instruction that there was no denial that services were worth sum set up in complaint *held* not misleading, where plaintiff was required to prove value thereof by the evidence and verdict showed that jury realized that value of services depended on the evidence.

2. TRIAL—INSTRUCTION, THAT GENERAL EMPLOYMENT OF PHYSICIAN TO TREAT PATIENT WAS ADMITTED, WAS NOT MISLEADING, IN VIEW OF OTHER INSTRUCTIONS.—In physician's action for compensation for services, instruction, that general employment of physician to treat patient was admitted *held* not misleading, when considered with all the evidence and other instructions.

3. TRIAL—INSTRUCTIONS MUST BE CONSIDERED AS A WHOLE.—Instructions must be considered as a whole.

4. APPEAL AND ERROR—COMMON SENSE IN CONSTRUING INSTRUCTIONS AS A WHOLE IS ATTRIBUTED TO JURY.—Common sense in construing instructions as a whole is attributed to jury.

5. APPEAL AND ERROR—DEFENDANT, WHOSE QUESTION BROUGHT FORTH ANSWER, MAY NOT COMPLAIN THEREOF.—Defendant, whose question

---

3.   See 14 R. C. L. 817.

brought forth answer which was natural and legitimate in response thereto, could not on appeal complain thereof.

6. APPEAL AND ERROR—WHERE EVIDENCE IS CONFLICTING, VERDICT OF JURY IS CONCLUSIVE THEREON.—Where evidence is conflicting, verdict of jury is conclusive.

7. EVIDENCE—ADMISSION OF TESTIMONY OF PHYSICIAN AS TO WHAT HE CHARGED FOR SIMILAR OPERATIONS, IN DETERMINING VALUE OF HIS SERVICES, HELD ERRONEOUS.—In physician's action for compensation for services, admission of his testimony, as to what he charged for similar operations, in determining reasonable value of his services, *held* erroneous, where he stated he did not know the general custom.

8. EVIDENCE—REASONABLE VALUE OF SERVICES IS PROVED BY GENERAL CUSTOMARY CHARGES FOR SIMILAR SERVICES.—Reasonable value of services is proved by general customary charges for similar services and not by what some particular person charges.

9. APPEAL AND ERROR—ERRONEOUS ADMISSION OF TESTIMONY, AS TO WHAT PHYSICIAN CHARGED FOR SIMILAR OPERATIONS, IN DETERMINING VALUE OF HIS SERVICES, HELD NOT PREJUDICIAL.—In physician's action for compensation for services, erroneous admission of his testimony, as to what he charged for similar operations, in determining reasonable value of his services, *held* not prejudicial, where none of witnesses fixed value of services at less than amount of verdict and jury found that there was no agreement as to less price.

See (1) 4 **C. J.**, pp. 1043, 1044.   (2) 38 **Cyc.**, p. 1779.   (3) 38 **Cyc.**, p. 1778.   (4) 4 **C. J.**, p. 772.   (5) 4 **C. J.**, p. 703.   (6) 4 **C. J.**, p. 858.   (7) 22 **C. J.**, p. 191 (1926 Anno.).   (8) 22 **C. J.**, p. 191. (9) 4 **C. J.**, p. 985.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. C. Struckmeyer, Judge. Affirmed.

Mr. B. E. Marks, for Appellant.

Messrs. Baker & Whitney, for Appellee.

LOCKWOOD, J.—W. O. Sweek, hereinafter called plaintiff, brought suit against the Maryland Casualty Company, a corporation and Troy A. Hamm, herein-

6.   See 2 **R. C. L.** 194.
8.   See 28 **R. C. L.** 675.

after called defendants, for professional services which he claimed to have rendered defendant Hamm at the special instance and request of both defendants, and for which they promised to pay the reasonable value of such services, which plaintiff alleged to be Four Hundred and Seventy-four Dollars ($474.00). Defendant company filed a general demurrer and an answer, the material allegations of which read as follows:

"II.    Answering paragraph II of said complaint, the defendant alleges that it did authorize the plaintiff to perform an operation upon the defendant Troy A. Hamm, and that it agreed to pay therefor the sum of one hundred and fifty ($150.00) dollars, and no more, and plaintiff agreed to perform said operation for said sum of one hundred and fifty ($150.00) dollars.    And this defendant does now tender to the plaintiff and delivers to the clerk of this court for the benefit of the plaintiff, said sum of one hundred and fifty ($150.00) dollars.

"III.    This defendant denies that it requested or authorized any other or future services to be rendered by the plaintiff for said defendant Troy A. Hamm, than in the foregoing paragraph is alleged.

"IV.    This defendant denies that it promised and agreed to pay the plaintiff for any services and labors other than above admitted and in any greater sum or amount than in this amended answer is tendered.

"V.    This defendant having no information upon which to base either an admission or denial, neither admits or denies that the services and labors alleged to have been performed by the plaintiff for the defendant Troy A. Hamm are reasonably worth the sum of four hundred and seventy-four ($474.00) dollars, but in this behalf this defendant alleges that in so far as it is concerned it agreed to pay to plaintiff for that certain operation performed by plaintiff upon said Troy A. Hamm the sum of one hundred and fifty ($150.00) dollars, and no more.

"VI.    This defendant denies each and every allegation in plaintiff's complaint contained not herein specifically admitted."

The case was tried to a jury, which returned a verdict of Four Hundred Dollars ($400.00) in favor of plaintiff.   The usual motion for a new trial being denied, defendant company appealed.

The first alleged error is that the court instructed the jury there was no denial the services were worth the sum set up in the complaint.   Paragraph V of the answer states that defendant neither admits or denies the value of the alleged services, on the ground of lack of knowledge.   It is contended, however, by defendants that the general denial is sufficient to cover that point.   Whether or not in the face of the special allegation this be true, since the court instructed the jury that, notwithstanding there was no specific denial of the value, it was for the plaintiff to prove such value by the evidence, we do not think the jury could have been misled.   The amount of the verdict itself shows clearly they realized the value of the services depended on the evidence, and not on any alleged admission in the answer.   Had they construed the court's instruction to mean that the defendants admitted the value of the services, their verdict would have been for the full amount.

The second assignment, to the effect that the statement, "the employment is admitted, that is the general employment, to treat Troy A. Hamm," was an instruction that defendant admitted the full scope of the employment as alleged in the complaint, cannot be sustained when taken into consideration with all the instructions, although standing alone it would be misleading.   As we have often held, instructions must be considered as a whole, and common sense in so doing is attributed to the jury.   We think the jury must have considered the words "general employment" meant merely, when taken into consideration with all the evidence and the other instructions, that plaintiff was employed by defendant company to

treat Hamm, which, of course, was true. The instruction was not happily worded, but we do not think it misled the jury.

The answer complained of in assignment of error No. 3 was a natural and legitimate one in response to a question asked on cross-examination, and counsel, whose question brought forth the answer, may not now complain thereof.

The fifth and sixth assignments go to the weight and sufficiency of the evidence and we can only say, since there was a conflict therein, the verdict of the jury is conclusive on that issue.

It was clearly error, however, to allow the testimony of Dr. Tuthill on direct examination, as to what he charged for similar operations, to stand. Reasonable value is proved by the general customary charges for similar services, and not by what some particular person charges, and the witness stated he did not know the general custom. But, should the case be reversed for this reason? Appellate courts are becoming more and more reluctant, and we think properly, to reverse a case for error in procedure, which did not affect the result. If the evidence as to the value of the services had been in conflict, we might assume the error complained of had some effect, but none of the witnesses fixed the value of the services at less than the amount of the verdict, while some of them were considerably higher. Dr. Tuthill's figure was the highest of all, but the jury did not accept it. Under these circumstances we do not think the erroneous admission of the testimony affected the result. The case was tried on the issue of whether or not there was a specific agreement for a definite sum to be paid. So far as the extent of services is concerned, the only witness for defendant company stated, "I expect a physician should treat a man for what is wrong with him." The jury, on a direct conflict of evidence and on instructions which

placed that issue clearly before them, found there was no agreement as to the price. Plaintiff was therefore entitled to recover on a *quantum meruit,* and the decision of the jury, as to the value of the service, was sustained by the evidence.

There being no error of sufficient gravity to warrant a reversal in the record, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.