JANE OSAR, PLAINTIFF-APPELLEE, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, DEFENDANT-APPELLANT.

Decided April 7, 1930.

Before Justices Parker, Black and Bodine.

For the defendant-appellant, *Mr. Henry H. Fryling*.

For the plaintiff-appellee, *Stein & Stein*.

Per Curiam.

The plaintiff, Jane Osar, was the owner of 205 Valley road, Clifton, New Jersey. The premises had been vacant for sometime and the gas had been turned off. Repairs were made to the premises and electric light fixtures were substituted for the old gas fixtures. The premises were then leased to Charles Wood, and on February 21st defendant, in response to a notice, sent an employe to turn the gas on. The employe had access to the cellar. The rest of the premises were locked, and he was not informed of any changes which had been made. There is some testimony that gas escaped through a defective plugging of a pipe in the kitchen ceiling, which was not visible. The change in the gas system had been made by an independent contractor employed by the plaintiff.

"The general rule requiring the use of ordinary care and diligence on the part of a gas company applies to its delivery of gas into the residence or other building of the consumer. The rule has been laid down, however, that in the absence of any fact upon which to base an inference of duty, the failure of a gas company, on introducing gas into a dwelling upon application, to inspect pipes or fixtures which were placed therein by the owner and over which the company has no control, is not negligence. The company is warranted in assuming that the interior system of pipes is sufficiently secure to permit the gas to be introduced with safety. To render the company liable in such cases there must be facts alleged to show notice of defects, or facts from which an inference of duty to inspect arises either from contract, custom or franchise." 28 *Corp. Jur.* 594.

·When a new installation of electric wiring has been made, there is undoubtedly a duty upon the utility company to see that the work has been properly done before the power is transmitted from its line. *Hoboken, &c., Co.* v. *United Electric Co.,* 71 *N. J. L.* 430.

This is a case of restoring the service, and the evidence indicates that the defendant knew nothing about any change in the gas piping. It was not given access to any part of the premises where changes had been made, and it was not informed concerning them. Nearly thirty-six hours after the gas had been turned on, the tenant Wood connected up his gas range and went out for supper. When he came back he took a lighted lamp into the bathroom above the kitchen and the explosion occurred. The testimony indicates that the gas may' have escaped from a pipe in the kitchen ceiling, which was covered over with plaster and was not obvious before the explosion. At any rate, there was no evidence of the escape of gas until some thirty-six hours after it had been turned on.

We fail to see how the proofs indicate a breach of duty, the proximate cause of the injury complained of. The judgment below will be reversed.