360

Messrs. Matthew L. Bigger and Ed. J. Greeley, Columbus, for plaintiff in error.

Messrs. Arnold, Wright, Purpos & Harlor, Columbus, for defendant in error.

## COLEMAN v COLUMBUS GAS & FUEL COMPANY

Ohio Appeals, 2nd Dist, Franklin Co

No 2001. Decided Aug 4, 1931

BY THE COURT

In any view of the law of the case the plaintiff had a right to go to the jury if her evidence tended to disclose a leak in the service line to the Coleman apartment. Notice to the gas company of the leak. Failure of the company promptly to shut off the gas or inspect the lines after notice. Lennon vs. Union Gas Co, 4 Oh Ap 153; Cooper vs. Tri State Gas Co, 3 Oh Ap 77.

The trial Court was of the opinion that there was no showing of notice to the company or failure to inspect.

All of the testimony that it is necessary for us to consider on the question of the correctness of the directed verdict is found in the statements of Samuel Horkin and Mrs. Eva Este.

Mr. Horkin testified that on the day following the explosion he visited his apartments and inspected the premises, that he saw the broken pipe through which the gas probably escaped that caused the explosion; that the pipe at the place where broken was rusty, indicating that it was an old break. The defense offered counter testimony to the effect that the break was new, and that it was probably caused by a truck running over the pipe a short time before the explosion. This made an issue of fact as to whether or not the break in the pipe was old or new. Whether new or old it was such as to cause the escape of considerable gas. If new, there is nothing in the record to indicate that the gas company had or should have had any knowledge of the break prior to the explosion. If old, it was proper for the jury to determine, if the record supported it at all, whether or not the gas company was put upon notice.

Mrs. Este lived in the apartment adjoining and immediately south of the apartment occupied by the Colemans. Their basements joined, and the construction of the partition walls was such as to permit the free passage of as volatile a substance as natural gas from one apartment and basement to the other. Mrs. Este had occupied her apartment for a considerable period of time prior to the date when the Colemans moved into their quarters. Mrs. Este testified that some time in November, prior to the accident on December 7th, she was working in a restaurant located on the same lot as the apartments occupied by her and the Colemans; that there had been an escape of natural gas at the restaurant and that about noon of a certain day she heard the man in charge of the restaurant call the gas company by telephone; thereafter, two men appeared in a truck, one dressed in

blue similar to a fireman, wearing a badge marked "Gas Company"; that they, with the manager, went into the basement and later during the same afternoon, other men came and dug in the alley by the restaurant at a place some 15 feet from where the witness lived. She further testified that when the men came into the restaurant, when they were some 6 or 7 feet away, she told them that she smelled gas in her home all the time and that pipes in the basement were rusted. She said that the men said nothing to her in response to her statement to them. She also testified to facts from which the jury could determine the relative power of her voice when she addressed the men. Mrs. Este was subjected to several cross examinations and re-examinations, and the net result of her testimony is not as clear and persuasive as that of other witnesses in the record and presents some contradiction and varied expressions.

We are of opinion that on this state of the record, giving it the most favorable interpretation for the plaintiff (Pope, Admrx. v. Mudge, 108 Oh St 192), the question whether or not Mrs. Este notified the men as she claimed she did; whether or not they were from the defendant, the gas company, and whether or not they heard what she said to them, were all questions of fact which should have been submitted to the jury for determination.

It is the claim of the gas company that Mrs. Este did not appreciate whether the odor which she detected was from natural gas or sewer gas, and such construction could have been put upon her testimony. However, if the break in the pipe was old, which the jury may have found, it was probable that she smelled natural gas. In any event, if her statement is true, she told the men whom the jury had a right to say came from the gas company that she had smelled gas and it is reasonable to believe that she was convinced that it was natural gas and not sewer gas or she would not have been notifying men from the gas company respecting it.

Mrs. Este further stated, touching the matter of inspection of pipes in her basement and in the apartment in which the Colemans lived, at pages 24 and 25 of the record, as follows:

"Q. Now, I will ask you whether or not after you had this conversation with the man with the badge, whether or not he went back and examined that basement?

"A. No, the pipe had never been examined since I lived there.

"Q. I will ask you whether or not, to your knowledge, he made any test for gas in the house occupied by you or the Colemans?

"A. Why, I told him about the gas smelling at my—

THE COURT.

Just answer the question.

Q. Do you know whether or not this man with the badge, whether or not he went back and inspected for gas, after you told him?

A. No, he didn't.

Q. Now to your knowledge, Mrs. Este, did any body from the gas company ever come to your home and inspect those pipes?

A. No sir.

Q. Or the Coleman home?

A. No sir."

This testimony undenied and uncontradicted, in our judgment, required the question whether or not the gas company had at any time subsequent to the notice turned off its gas in the Coleman or Este apartments or made any inspection thereof, to be submitted to the jury for determination.

We are of opinion that under the scintilla rule which is controlling, the plaintiff presented a case on the record which requires a submission to the jury for determination, and that in directing a verdict for the defendant company at the conclusion of the case the Court erred.

Although, because of the uncertain state of the record, we would not base a reversal upon that phase of the case which we now discuss, we are convinced that there is merit in the claim of counsel that as to the plaintiff, a third party, defendant cannot, under conditions which are claimed by counsel for plaintiff in error to exist and which may develop in this case upon a new trial, escape its obligation to observe due care in the manner and method of the distribution of its gas at all times until it has at least passed the line of a public street or alley. This case may be tried again, and if it is the evidence may disclose, as some of it in the instant case tended to show, that the break in the pipe, which permitted the escape of the gas which caused the explosion, was in the service line in a public alley, or at least at a place which had been regularly and continuously used as such. Natural gas is a dangerous agency. As between the applicant for gas service and the company no doubt the applicant can release the company from any liability other than the obligation to turn off the gas or inspect

the pipes after notice of a leak. But the plaintiff in this case is a third party, unconnected with the parties to the original contract between the owner and the gas company. It is well established that one who controls a dangerous substance can not by independent contract avoid liability to third parties who may be injured by such substance.

As to this plaintiff the defendant company, if using the pipes of the owner of the apartment to transport its gas through a public thoroughfare to the place where it is to be transferred to the user and paid for by him, cannot deny its obligation of due care, which contemplates inspection at all reasonable times. This is but a reiteration of a decision of this Court in the **Wright Stores Incorporated v. Columbus Gas and Fuel Company, No. 1635,** opinion by Judge Allread, rendered May 15, 1928, Franklin County, unreported. Motion to certify overruled. **Sup. Ct. (Dec. 19, 1928),** 28 **O. L. R. 156.**

This case presented facts, in many particulars, so like unto those which though not proven may possibly develop in the instant case as to make the decision there announced of value.

The facts, briefly, are that the Wright Stores Incorporated leased a property and owned a stock of goods therein, which property was served by a quarter inch service pipe from the Lazelle Street main of the defendant Gas Company. The owner of the property to the west of the Wright Stores building applied to the defendant, Gas Company, for service to its property and installed a two inch service line to the Lazelle Street main of the defendant, Gas Company. The two inch line was not connected with the service line to the Wright Stores Company. An explosion occurred which the evidence tended to show was caused by escaping gas from the two inch service line next to the Wright Stores Company service line, and the suit was for damages suffered by Wright Stores Incorporated caused by the explosion.

We quote from the opinion:

"The principal controversy arises over the responsibility to keep the service pipe on Main Street extending from the mains of the Company to Lazelle Street past the property of the plaintiffs inspected and in repair. The defendant claims that it did not own the pipes and was therefore not bound to keep them in serviceable condition. This is the real issue of the case. It will be observed that the two inch pipe was a service pipe under the sidewalk in

the street and was used by the Gas Company to convey gas to the properties west of the property in possession of the Wright Company. As to the Wright Stores, which was in no wise a party to the contract between the Gas Company and the owners of the property further west, the duty of reasonable inspection was imposed upon the Gas Company. It could not delegate its duty to the owner of the property to be served and the Wright Stores Company, a lessee of the adjoining property, was charged with no duty with respect thereto."

The Court quotes with approval from Washington Gas Company v The District of Columbia, 161 U. S. 316, and adds:

"The owner of the property west of that occupied by the plaintiffs in constructing the two-inch pipe from its intersection with the mains of the Company on Lazelle Street did so under the Gas Company's charter and for the Gas Company's benefit."

An examination of the authorities cited in the instant case does not bring to our attention any case in conflict with the principle we have adopted.

The judgment will therefore be reversed and cause remanded for a new trial.

ALLREAD, PJ, HORNBECK and LEVINE, JJ, sitting.