[Civil No. 3235. Filed June 13, 1933.]

[22 Pac. (2d) 831.]

ANNA B. NOEL and G. L. NOEL, Her Husband, Appellants, v. SELMER OSTLIE, Appellee.

114

Mr. W. E. Ferguson, for Appellants.

Mr. C. B. Wilson, Mr. O. C. Compton, and Mr. C. D. McCauley, for Appellee.

ROSS, C. J.—Anna B. Noel and her husband, G. L. Noel, commenced action to recover damages for personal injuries which they allege Anna B. sustained in a collision at a point near Joseph City, Arizona, on Highway 66, February 17, 1931, about 10 o'clock P. M., between defendant Selmer Ostlie's Ford sedan, being driven by defendant, and a De Soto roadster in which she was riding, being driven by one Bernice J. Rowe. The negligence charged is that defendant, traveling in a westerly direction on said highway, at a dangerous, reckless, and excessive rate of speed, and in excess of 35 miles per hour, drove his Ford sedan over to and upon the south half of said road and collided with the De Soto roadster in which plaintiff was riding, while it was proceeding in an easterly or opposite direction, and while it was occupying the south half of said highway, causing her great bodily injury, etc. The answer consists of general and specific denials and affirmative allegations to the effect that the collision was the result of plaintiff's negligence, in that the automobile in which she was riding was traveling on the wrong side of the road; that is, north of the center thereof. The case was tried before a jury, and the verdict and judgment favored defendant.

The plaintiffs have appealed. The grounds of the appeal are: The refusal of the court to grant plaintiffs a new trial on newly discovered evidence; that the verdict and judgment are not justified by the evi-

dence and are contrary to law; and misdirections of the jury as to the law.

The showing of newly discovered evidence and diligence in connection therewith is insufficient. Part of the so-called newly discovered evidence was known by plaintiffs at and before the trial, such as the condition of the road where the collision took place, and the location thereon of broken glass; and that concerning the speed at which defendant was traveling immediately prior to the accident is more or less cumulative, and probably would not cause a different result upon a new trial.

On the question of the sufficiency of the evidence to support the verdict, we must abide by the rule we have many times announced. The issues were not many nor were they complicated. It was a case of the "pot calling the kettle black." Plaintiffs charged against defendant a specific act of negligence, that is, of driving on the wrong side of the road at an excessive, dangerous, and unlawful rate of speed; and the defendant answered, "Not I but thou art the culprit." The evidence on this issue was quite as clear-cut as the issue itself. The defendant and his companions had attended a basket-ball game at Holbrook and were returning to their homes at Winslow. There were four of them, two of whom were members of the faculty of the public schools of Winslow, one a bookkeeper of the First National Bank, and the defendant; and they all testified that the Ford sedan was proceeding westerly, north of the center of the road, up a slight incline, and when near the brow of a small hill the De Soto came in sight traveling towards them, and that as the two cars approached each other the De Soto passed over to the north side of the road and collided with the Ford's left front wheel, forcing it off the road on the north side thereof. The two occupants of the De Soto roadster, plaintiff and Bernice J. Rowe, testified that they were on the right side

of the center of the road when the Ford sedan passed over to that side and ran into them. This conflict in the evidence was irreconcilable, and the jury had to reject one side and accept the other. They accepted the defendant's version. Under our rule, we will not disturb that verdict.

Whether prejudicial error occurred in the court's instructions to the jury or not is somewhat difficult to determine. The instructions were very voluminous. They cover twenty-three pages of the abstract of record. Twelve were asked and given for plaintiff; and twenty-three were asked by the defendant and nineteen given as asked and one modified and given. It would seem that the really essential and helpful instructions on the issue involved might have occupied very much less space. The custom of copying instructions from cases and books on instructions and presenting them to the court with a request that they be given whether applicable or not is not a commendable practice nor one that is likely to get before the jury the correct legal principles of the case. Counsel should recognize that the law of each case depends upon its facts, and make requests accordingly.

Assignments numbered 1 and 2, based on erroneous instructions, we cannot consider because they do not conform with the rules of this court. Subdivision 4, rule XII.

Assignment No. 3 asserts that the following instruction is erroneous, in that it is confined to one of the issues and gives undue prominence thereto; also that it conflicts with other instructions and omits the question as to proximate cause and the fact that plaintiff was a guest in the Rowe car:

"You are instructed that before you can find the issues in this case for plaintiffs, you must find that defendant did negligently drive his said car upon the south side of the highway and into and against the car so driven by said Bernice J. Rowe, and that as a result thereof said Anna B. Noel was injured."

We cannot follow plaintiff's reasoning. The instruction seems to us to follow the case pleaded by her in her complaint, and advised the jury, in effect, that, unless she proved her case as alleged, she should not recover.

The court gave the following instruction:

"You are instructed that the degree of care to be exercised by plaintiff and defendant is exactly the same. Plaintiff and defendant were both bound to exercise ordinary care to avoid the collision between the automobile driven by the defendant and the automobile in which plaintiff was riding. Under the law, both plaintiff and defendant are required to exercise such care as an ordinary careful and prudent person would exercise under the same or similar circumstances."

The plaintiffs complain that this instruction is erroneous because it ignores the fact that plaintiff Anna B. was a guest in the Rowe car and had nothing to do with driving or operating it. As we read this instruction, it imposes the same care and caution upon the plaintiff as upon the defendant. The fact that plaintiff may have been a guest in the Rowe car would not relieve her from exercising the care and caution that an ordinarily prudent person would have exercised under similar circumstances. We see nothing wrong in this instruction.

Although the court gave an instruction at the request of plaintiffs, to the effect that Anna B. as a guest in the Rowe car might recover notwithstanding the driver thereof may have contributed to the accident in which she was injured, there may be some question as to whether her pleadings bring her within that rule. An inspection of the complaint as summarized in the forepart of this opinion will disclose that she nowhere alleged facts showing that she sustained the relation of a passenger or guest in the De Soto car. So far as the pleadings are concerned, she might have been the owner of the De Soto car

and Bernice J. Rowe her chauffeur. In all the cases we have examined where a plaintiff has been exempted from the negligence of the driver, the pleadings have in some way indicated or shown that plaintiff was a guest or passenger, and had no control of the driver. However that may be, the court by its instructions relieved plaintiff from the imputed negligence, if any, of the driver of the De Soto car.

It is insisted that the following instruction should not have been given:

"You are instructed that an accident is such an unforeseen event, misfortune, loss, act, or omission as is not the result of any negligence or misconduct on the part of any one. It is a happening the relative cause of which cannot be traced, or is, at least, not apparent.

"If you believe that the collision involved in this case was the result of an accident, then your verdict must be for the defendant."

This instruction should not have been given. The collision in which plaintiff was injured did not occur without fault or negligence or misconduct of someone; or, at least, there was no evidence that it was inevitable or unavoidable. It was the fault of one of the drivers, or perhaps both of them. The instruction is abstract. It is not in accordance with, or applicable to, the evidence. However, every erroneous instruction does not call for a reversal. It must be under the laws of this state not only erroneous but prejudicial. Section 22, art. 6, Constitution. The jury knew they were trying a negligence case, and that it should go against the one who wrongfully obtruded on the other's side of the road. As reasonable and common-sense men, as we must assume the jurors were, they doubtless swept aside all other questions than the one made by the pleadings and the evidence, which was, Was the plaintiff at the time of the collision on her side or defendant's side of the

road? If they had found that the De Soto automobile was on the south side of the road, their verdict would have been for her.

Complaint is made because the court in its instructions used the word "accident" where properly it should have used the word "collision." This inadvertence could not in any way prejudice the plaintiff.

Our examination of the instructions convinces us that, when they are construed as a whole, as they should be, the plaintiff was more favorably considered than she was entitled to be. Our statute, section 1593 of the Revised Code of 1928, provides that drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving the other at least one-half of the main-traveled portion of the roadway as nearly as possible. This rule is the universal one in this country. 42 C. J. 939, § 652.

There were no ruts or impairments of the road at the place where this collision occurred that would require or excuse a departure from the law of the road. There was no reason for either vehicle being on the wrong side of the road, and no reason for the driver of either to expect the other would violate the rule. It was a plain case of negligence on somebody's part, and that was properly left to the jury.

The judgment is affirmed.

McALISTER, J., concurs.