[Civil No. 4344. Filed October 6, 1941.]

[117 Pac. (2d) 487.]

PAULINE SCARBOROUGH and D. C. SCARBOROUGH, Her Husband, Appellants, v. CENTRAL ARIZONA LIGHT AND POWER COMPANY, a Corporation, and JOHN DOE, Appellees.

Mr. V. L. Hash, for Appellants.

Messrs. Armstrong, Kramer, Morrison & Roche, for Appellees.

LOCKWOOD, C. J.—Pauline Scarborough, called plaintiff, and D. C. Scarborough, her husband, brought suit against Central Arizona Light and Power Company, a corporation, called defendant, and John Doe, to recover damages which plaintiff alleged she had incurred through the negligence of defendant. The case came on for trial before a jury, and after plaintiff had made her opening statement, defendant moved that the jury be instructed to return a verdict for it on the ground that the opening statement of counsel did not show facts sufficient to sustain a verdict against defendant. The court took a recess, and after discussing with counsel the issues of the case, counsel for plaintiff made a specific and detailed avowal of what he expected to prove, whereupon the court granted the motion of defendant, and instructed the jury to return a verdict in its favor, which was done, and in due course this appeal was taken.

■ The suit was based on the alleged negligence of defendant, and unless plaintiff could present evidence from which a jury might reasonably infer that defendant had been negligent in some duty which it owed to her, the court would have been compelled to instruct a verdict in favor of defendant. If, however, it appeared before the presentation of evidence had actually begun that plaintiff could not present enough to sustain a verdict in her favor, it was highly commendable for the court to instruct a verdict as soon as that fact appeared, and thus avoid a useless expenditure of both time and effort.

■ We must assume for the purpose of this appeal that plaintiff could have proved to the satisfaction of the jury every material matter set forth in her avowal, and the question is whether the facts set forth in the avowal would have been sufficient to sustain a verdict in her favor. If it would have, the court erred in directing the instructed verdict. If not, its action was correct.

■■ In *Salt River Valley Water Users' Ass'n* v. *Compton,* 39 Ariz. 491, 8 Pac. (2d) 249, 251, the court, quoting from *Baltimore & P. R. R. Co.* v. *Jones,* 95 U. S. 439, 24 L. Ed. 506, defined "negligence" as follows:

" 'Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done. The essence of the fault may lie in omission or commission.' "

And we have held that an action for negligence only lies when the alleged negligent act is a violation of a duty owed to the injured party. *Salt River Valley Water Users' Ass'n* v. *Delaney,* 44 Ariz. 544, 39 Pac. (2d) 625; *Salt River Valley Water Users' Ass'n* v.

*Compton,* 40 Ariz. 282, 11 Pac. (2d) 839. The question then is primarily, was the defendant guilty of a violation of any duty which it owed to the plaintiff.

A summary of the avowal is as follows: Defendant was engaged in the business of furnishing gas and electricity in the city of Phoenix, and had previously furnished them to certain premises at 513 N. 13th Street. The former tenants had moved from the premises and the company had, under instructions, cut off the supply of gas and electricity therefrom. Some time thereafter the daughter of plaintiff, who had rented the premises, requested that the gas and electricity be turned on immediately. In the meanwhile the new tenant had employed her mother, the plaintiff, to clean up the premises and arrange for moving in of their furniture, and while she was inside with the doors and windows of the house closed, and engaged in cleaning the said premises as aforesaid, defendant turned on the gas at its meter outside and back of the house without examining the condition of the gas pipes inside the house. Some of these pipes were uncapped, which permitted the gas to permeate the house, and plaintiff breathed in some of this gas and thereby became injured. The particular negligence which plaintiff alleged was that defendant had failed to cap the gas pipes inside the house when it disconnected the service previously and could have, by an inspection, determined that the pipes were uncapped when it turned on the gas on December 13th. It was further avowed, in response to questions by the court, that so far as plaintiff knew or could prove, the pipes in the house and the connections inside were owned by the owner of the building and not by defendant, and that plaintiff would be unable to prove that defendant had any knowledge that the gas pipes in the house were uncapped when the gas was turned on, unless she could establish such knowledge by cross

examination of the adverse party. There was, however, no avowal that this matter could be established even by such examination. Nor was there an avowal of any facts which gave defendant reasonable ground to believe the pipes were uncapped.

The question before us then is, was it the legal duty of defendant to inspect the pipes in the house in question, which were owned by and under the control of parties other than itself, in order to ascertain whether they were in proper shape before it turned on the gas at the orders of the new tenant?

Both counsel have cited to us a great number of cases which they claim support their respective contentions, such as *Sawyer* v. *Southern Cal. Gas Co.,* 206 Cal. 366, 274 Pac. 544; *Hebert* v. *Baton Rouge Elec. Co.,* 150 La. 957, 91 So. 406, 25 A. L. R. 245; *Swayzee* v. *City of Augusta,* 113 Kan. 658, 216 Pac. 265; *Schmeer* v. *Gaslight Co. of Syracuse,* 147 N. Y. 529, 42 N. E. 202, 30 L. R. A. 653; *Lynchburg Gas Co.* v. *Sale,* 160 Va. 783, 169 S. E. 577; *Coleman* v. *Columbus Gas, etc., Co.,* 40 Ohio App. 534, 179 N. E. 749; *Phillips* v. *City of Alexandria,* 11 La. App. 228, 123 So. 510; *Osar* v. *Public Serv., etc., Co.,* 149 Atl. 767, 8 N. J. Misc. 260; *Wilson Gas., etc., Corp.* v. *Baker,* 276 Ky. 368, 124 S. W. (2d) 489; *Okmulgee Gas Co.* v. *Kelly,* 105 Okl. 189, 232 Pac. 428; *Smith* v. *Pawtucket Gas Co.,* 24 R. I. 292, 52 Atl. 1078, 96 Am. St. Rep. 713; *Cadogan* v. *Boston Cons. Gas Co.,* 290 Mass. 496, 195 N. E. 772; and many others. We have examined them and with one or two exceptions find a general agreement in regard to the principles governing the duty of public utility companies in turning gas through their meters into premises where the pipes and fixtures are owned and under the control of other parties. The different ultimate conclusions as to the judgment to be rendered reached by the cases are usually based upon the different state of facts ap-

pearing in the cases. Following these cases we hold the better considered law on the subject to be as follows:

(a) If a gas company turns gas into a meter when it has actual knowledge or reasonable ground to believe that the house fixtures are in any manner defective, it is negligent; (b) if it knows that the meter in which it turns the gas may permit gas to pass into other premises than those into which it has been directed to turn it and does not use reasonable care to ascertain whether the fixtures in the other premises are in proper shape, it is negligent so far as the occupants of the other premises are concerned, but not in regard to the occupants of the premises where it was directed to turn the gas; (c) if the company has no actual knowledge of, or reasonable ground to believe there are, defective pipes or fixtures owned by and under the control of the occupant of the premises who has directed that the gas be turned on, it is under no obligation to make an inspection of such pipes and fixtures before nor after it turns on the gas, and is not liable for negligence in case an injury results therefrom to one on the premises.

Nor do we think section 43-4817, Arizona Code 1939, is applicable. That permits only inspection of the "appliances of such company" and solely to ascertain the "quantity of its product consumed." In other words, it may enter private premises to inspect its meters.

The avowal made by plaintiff showed clearly the case fell under rule (c), and we think the trial court did not err, under these circumstances, in instructing a verdict for defendant.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.