240 P.2d 869

CITIZENS UTILITIES CO. v. FIREMEN'S INS. CO. et al.

No. 5308.

Supreme Court of Arizona.

Feb. 11, 1952.

Rehearing Denied March 11, 1952.

300

Duane Bird and Thomas L. Hall, of Nogales, for appellant.

Nasib Karam, of Nogales, and Moore & Romley, of Phoenix, for appellees.

DE CONCINI, Justice.

Citizens Utilities Company, appellant, defendant below, was sued by appellees, plaintiffs below, for damages to the home of Mr. and Mrs. Sam Capin which was insured by plaintiffs. Plaintiffs took an assignment of the Capins' right to sue under their subrogation agreements with the Capins. The parties will be referred to as they were in the trial court. The term plaintiffs shall also be applicable to the Capins unless otherwise specified.

On September 14, 1946, about 1:30 p. m., the Capins' maid told Mrs. Capin that there was no hot water with which to do the dishes. Mrs. Capin then phoned the defendant company which supplied the gas for domestic use. Shortly after 3 p. m. an employee of that company, Joe Cordova, arrived at the house to determine why the hot water heater was not functioning.

The hot water heater was located in the basement beneath the house. Cordova entered the kitchen and went through a door off the kitchen leading to stairs into the basement. As he went down the stairs, Mrs. Capin switched on a light. There is a conflict as to just what happened thereafter. Mrs. Capin testified that Cordova went down into the basement and came back out, saying that there was too much gas to work; that he went outside and then returned downstairs. Cordova testified.

that he made but one trip to the basement; that gas was escaping from both the pilot light and the main burner; that he turned them both off and started back up the stairs. In any event, the accumulated gas exploded just as he reached the top step. He was blown through the basement and kitchen doors out into the yard. Mrs. Capin and her small niece, who were in the kitchen, were uninjured.

The evidence established that the basement was a well ventilated place but subject to drafts. The house was built approximately 12 to 18 inches off the ground. There were small windows around the lower portion of the house for ventilating purposes. These were open, allowing air to circulate in this open area under the house. Presumably, due to the extent of damages, this area had filled with gas prior to the explosion. At the time the explosion occurred, the pilot lights were burning on the kitchen stove. The furnace which was in the basement was not in use.

The evidence discloses that the defendant, through its employee, Joe Cordova, had been called to the Capin residence four times in 1946 to ignite the pilot light in the hot water heater. The Capins had been away for a part of the summer and Cordova had turned on the heater and kitchen stove on August 22nd.

Cordova testified that there was a faulty valve in the hot water heater; and that when the pilot light went out, the water cooled and the shut-off valve did not close, thereby allowing the gas to escape through the main burner. He also stated that he had informed Mrs. Capin of this fact and that when she asked him why he did not fix it, he had replied that the defendant did not do such work. Mrs. Capin denied that Cordova had ever told her the foregoing.

The house and furnishings were damaged, as a result of the explosion, in the amount of $16,895.81.

The jury returned a verdict in favor of the defendant company. Upon motion by the plaintiffs under section 21–1015, A.C.A. 1939, the trial court set aside the verdict and granted plaintiffs' motion for judgment n. o. v., which was equivalent to granting plaintiffs' motion for a directed verdict made at the close of all the evidence at the time of the trial. Judgment was rendered for the amount prayed for in plaintiffs' complaint. There was no dispute as to the amount of damages.

After a motion for a new trial was denied, defendant appealed and assigns two errors which may be summarized as follows:

(1) The plaintiffs were guilty of contributory negligence.

(2) The matter was tried by a jury and it found the facts in favor of the defendant after being properly instructed as to the law.

The plaintiffs deny there was an "evidentiary base" for contributory negligence. They also contend that the doctrine

of last clear chance should be invoked against the defendant. As to the latter we do not think it proper to consider it on this appeal because it is a matter that should have been submitted to the jury under proper instructions. This doctrine was not invoked at the trial of the cause.

Casey v. Marshall, 64 Ariz. 232, 168 P. 2d 240, 243: "The last clear chance doctrine is recognized in this jurisdiction. Garlington v. McLaughlin, 56 Ariz. 37, 104 P.2d 169. Where there is evidence disclosing the fact elements, the question is one for the jury. (Citing cases.) * * *"

Since it was not submitted to the jury on requested instructions, the question of its applicability is not before us and we therefore express no opinion on the matter.

There remains only one question to decide and that is the one of contributory negligence. The plaintiffs contend that perhaps the jury found in favor of the defendant on some theory other than contributory negligence, and if so, the verdict cannot stand, because the defendant was admittedly negligent in supplying gas through a known defective appliance. Scarborough v. Central Arizona Light & Power Co., 58 Ariz. 51, 117 P.2d 487, 138 A.L.R. 866.

Defendant admits the rule in the Scarborough case but challenges plaintiffs' position. Plaintiffs' contention is that because it is unknown whether the jury decided it on the theory of contributory negligence, the verdict cannot stand. Plaintiffs cite no authority in support of their contention, nor have we found any in their favor.

Plaintiffs in their brief contend that "The court properly instructed the jury that unless they found the defendant guilty of negligence, 'You will stop there and return a verdict for the defendant' (Tr. 292)." Taking that instruction with the rule in the Scarborough case, supra, upon which the jury was properly instructed, it is patent that the jury would have found the defendant guilty of negligence, because it was the defendant's employee who testified that he notified the Capins of the defective appliance. But the jury did not find in favor of the plaintiffs, so the only conclusion that we can come to is that they found the plaintiffs guilty of contributory negligence.

This court must presume that the trial jury was composed of persons of average intelligence and judgment, and that they used common sense in considering the evidence presented in connection with the instructions given by the court. Maryland Casualty Co. v. Sweek, 28 Ariz. 258, 236 P. 720; Noel v. Ostlie, 42 Ariz. 113, 22 P.2d 831. See also 5 C.J.S., Appeal and Error, § 1562c, page 374:

"If there is nothing to show the contrary, the appellate court will ordinarily presume in support of the verdict and judgment that the jury was composed of men of common intelligence and experience possessed of

understanding and a sense of fairness and justice, who properly and fairly understood, weighed, and considered all matters which it was the duty of the jury to consider and regard in arriving at their verdict, and excluded from their consideration all matters which it would have been improper for them to have considered under the instructions and rulings of the trial court.

"It will be presumed, therefore, the jury duly considered and weighed the arguments of counsel, and all of the duly admitted evidence proper for them to consider, but not that excluded or not properly before them. No presumption will be made that the jury disregarded the proofs and acted on something else, that they failed to consider all the evidence, or that they did not properly weigh the evidence, or considered it in an improper way."

The evidence was clear that under the rule of the Scarborough case, supra, defendant was negligent, and the presumption therefore is not that the jury did not so find, in bringing in a defendant's verdict, but rather the presumption is that after properly considering the evidence they recognized that defendant had been negligent but that the company was not liable due to plaintiffs' contributory negligence.

In Thornburg v. Elgas, 71 Ariz. 400, 228 P.2d 448, we upheld a jury's verdict in favor of a defendant on the theory that the jury might have found the plaintiff guilty of contributory negligence. When we do not know on what basis the jury reached its verdict, if there is any evidence to support a theory which will sustain same it must be affirmed on appeal.

The "evidentiary base" for contributory negligence of which the plaintiffs complain, rests in three sets of circumstances. Quoting from plaintiffs' brief: "(1) Situating the water heater which exploded in a drafty basement; (2) keeping an allegedly known defective heater in operation; (3) using open flame appliances in the kitchen under these circumstances."

There was evidence in the case to sustain any one or all three of these situations. In view of the circumstances that those conditions could have been the proximate cause of the explosion, because there is nothing in the evidence that would tend to lay the blame elsewhere, we must then look to the part the plaintiffs played.

Situations (1) and (3) were known to exist. Situation (2) was denied by plaintiffs, although it was admitted by the worksheets in evidence that the water heater needed adjustment a number of times that year and defendant's employee testified he notified Mr. Capin that the appliance was defective.

All those matters were before the trial jury. The trial court correctly and comprehensively instructed the jury on contributory negligence.

Article 18, section 5 of the Arizona Constitution reads as follows: "The defense of contributory negligence or of as-

sumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

This court has passed on that provision numerous times and has said that as a general rule it is the exclusive province of the jury "both as to law and fact" to decide whether a plaintiff is guilty of contributory negligence or not.

There are two limitations to this rule: one is where from the facts presented, reasonable men could only agree that the defendant was not guilty of negligence. Moore v. Southwestern Sash & Door Co., 71 Ariz. 418, 228 P.2d 993, head note 6. This limitation clearly does not sustain the trial court's action in granting plaintiffs' judgment n. o. v.

The second limitation is as set out in Humphrey v. Atchison, T. & S. F. Ry. Co., 50 Ariz. 167, 70 P.2d 319, 322: "The next question is whether there was evidence to go to the jury on the issue of contributory negligence. In Arizona the existence of contributory negligence is a question of fact for the jury and not of law for the court. We think, however, that this rule does not go to the extent of permitting a jury to find contributory negligence on the part of a plaintiff when there is no evidence from which any reasonable man might reach such a conclusion, as such a finding would clearly be actuated by passion and prejudice, and it would be the duty of the court to set it aside. Unless, therefore, there was some substantial evidence from which a reasonable man might have inferred it existed, the court should not have submitted the issue to the jury. * * *" See also Calumet & Arizona Mining Co. v. Gardner, 21 Ariz. 206, 187 P. 563; Arizona Power Co. v. Hayes, 24 Ariz. 322, 209 P. 280; Bowers v. J. D. Halstead Lumber Co., 28 Ariz. 122, 236 P. 124; Twohy Bros. Co. v. Kepon, 21 Ariz. 606, 193 P. 296.

This rule likewise furnishes no comfort to plaintiffs, since there were three sets of circumstances of contributory negligence for the jury's consideration.

■ Since neither of these limitations apply, we must follow the general rule that it is the exclusive province of the jury, both as to law and fact, to decide whether a plaintiff is guilty of contributory negligence or not. See Morenci Southern Ry. Co. v. Monsour, 24 Ariz. 49, 206 P. 589; Pacific Const. Co. v. Cochran, 29 Ariz. 554, 243 P. 405; Salt River Valley Water Users' Ass'n v. Berry, 31 Ariz. 39, 250 P. 356; Herzberg v. White, 49 Ariz. 313, 66 P.2d 253; Campbell v. English, 56 Ariz. 549, 110 P.2d 219; Keeler v. Maricopa Tractor Co., 59 Ariz. 94, 123 P.2d 166; City of Phoenix v. Mullen, 65 Ariz. 83, 174 P.2d 422; Valley Transp. System v. Reinartz, 67 Ariz. 380, 197 P.2d 269.

In view of the foregoing the judgment of the trial court is reversed with directions to enter judgment in favor of the defendant on the jury's verdict.

Reversed with directions.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concurring.