# 358

362 P.2d 735

**Joe R. PETTY and Nancy B. Petty, a minor, by her Guardian ad litem, Joe R. Petty, Appellants,**

**v.**

**BUTANE CORPORATION, a corporation, and Robb Traylor, Appellees.**

No. 6580.

Supreme Court of Arizona,

In Division.

June 21, 1961.

Gust, Rosenfeld, Divelbess & Robinette, Phoenix, for appellants.

Jennings, Strouss, Salmon & Trask, by Rex H. Moore and Charles R. Esser, Phoenix, for appellees.

JOHN A. McGUIRE, Superior Court Judge.

This is an appeal from a judgment on directed verdict in favor of defendants, Butane Corporation (hereinafter referred to as the corporation), and its employee, Robb Traylor, in a suit for damages brought by Joe R. Petty (hereinafter referred to as plaintiff) for himself and as guardian ad litem for his minor child, Nancy, on account of a butane explosion.

The negligence alleged in essence is that defendants having undertaken to make an inspection of the gas lines (in connection with installing a butane tank outdoors) in a house about to be occupied by plaintiff and his family, negligently failed to make a proper inspection, and negligently failed to discover an uncapped tube connected

with the gas system from which gas escaped causing the explosion.

Mr. DeGraves, who was at the time of the installation administrative assistant for the corporation and responsible for the overall operations of the company, testified that it was a mandatory requirement of the corporation that a pressure test be made on each and every installation job by the installer.

The invoice stamped "Paid" includes in the list of work to be done "Pressure test lines."

Hence there can be no doubt that the corporation did assume this duty, and it is not necessary for the court to consider or discuss the rules laid down in Scarborough v. Central Arizona Light and Power Company, 58 Ariz. 51, 117 P.2d 487, 138 A.L.R. 866.

Accordingly, the sole question to be considered is whether there is enough evidence to permit the logical inference that defendants failed to make a pressure test or made it negligently, and whether such failure was the cause of the explosion. If so, the judgment should be reversed; otherwise it must be affirmed.

Traylor testified positively that the test was made and that this was done by attaching a gauge to the line at the tank end and charging the lines with butane gas to a pressure of five pounds and watching the gauge for a period of five to ten minutes and that it held a constant pressure. The entire test took twelve to fifteen minutes.

The plaintiff assisted in installing the tank, and his testimony upon this subject was as follows:

"Q. Now, during the period of time that he was there, can you tell us how much of that period of time you were with him? A. I was with him most all the time. There was a little time I wasn't with him when he went in to blow through the line, blow the line out.

"Q. And were you present when he put on this riser and connected it up to the tank itself? A. I was.

"Q. You have heard Mr. Traylor's testimony that he put on a test meter which had a gauge with a little arrow on it, you heard his testimony to that effect? A. Yes, sir, I heard that.

"Q. Did you see Mr. Traylor put any such gauge or tester on the line?

A. No, sir, I didn't."

Defendants assert that under the rule that mere negative evidence that an act was not seen or heard cannot offset positive evidence unless it is clearly shown that the person giving the negative evidence would necessarily have seen or heard the act, there is simply no evidence that the test was not performed and cite numerous Arizona cases from Davis v. Boggs, 22

Ariz. 497, 199 P. 116 to Southern Pacific Company v. Cavallo, 84 Ariz. 24, 323 P.2d 1.

It is to be noted that in the latter case, the court said:

"This rule is not applicable when the witness is attentive and the location is such that the jury could say he would have heard if the signal had been given. Under such circumstances testimony to the effect that he did not hear is the equivalent of positive evidence that the signal was not given." 84 Ariz. 24, 29, 323 P.2d 1, 4.

Further discussion of this rule is unnecessary as the court finds there is other evidence tending to show that either no pressure test was run or it was done negligently.

Plaintiff did not move into the house until the day following the installation and very soon after the tank had been installed the butane was cut off at the tank and not turned on again until the next day about three hours before the explosion. Mrs. Petty smelled gas in a closet into which an open copper tube protruded. Very soon after the explosion a deputy sheriff made an examination and found that this open tube connected into the butane line. He also found the greatest part of the fire in the southeast bedroom where the closet was located and the clothes hanging in the closet were still smouldering. From this it appears to be a logical and not mere speculative inference that the gas did really escape from this tube. It is equally logical to assume the tube was open the day before when the alleged test was run. It is a moral certainty that a properly run test on a line with an open tube would have shown a falling gauge.

There is some testimony of plaintiff differing from that previously given by him from which it might be inferred that a valve on the line leading into the house was possibly closed or foreign matter plugged the line at the time when it was contended the pressure test was made. This is unimportant as it appears that if this occurred it was known to Traylor before he left the premises and if so it was negligence for him not to rerun the test. Gas Service Company v. Helmers, 8 Cir., 179 F.2d 101.

The judgment and order denying a new trial are reversed, and the case is remanded to the Superior Court of Maricopa County with instructions to grant a new trial.

STRUCKMEYER, C. J., and BERNSTEIN, V. C. J., concur.