[Criminal No. 239.   Filed March 22, 1907.]

[89 Pac. 413.]

## R. M. BRUCHMAN, Appellant, v. UNITED STATES OF AMERICA, Respondent.

1. WITNESSES—EXAMINATION—CROSS—REDIRECT—LIMITS.—Where new facts are elicited from a witness on cross-examination, testimony in explanation of such facts may be gone into on redirect examination, although such testimony would have been improper on direct examination.

2. SAME—SAME—SAME.—The accused, in a prosecution for selling whisky to Indians, said offense alleged to have occurred at a trading-post on an Indian reservation, having testified in regard to the whisky, beer and intoxicating liquors that he had at the time of and prior to the alleged offense kept at his store, it was not error for the court to permit the prosecuting attorney to cross-examine said accused as to what alcohol he kept about the premises.

3. EVIDENCE—IMPEACHMENT—DIRECT CONTRADICTION.—Where a person testified that he was at a trading-post at a certain time on a certain day, said post consisting of two small rooms, it was perfectly proper to allow another witness who was at the post all of that day, who personally knew the first person, and there not having been many persons present besides Indians, to testify that the first person was not there at the time specified, because if he had been witness would have seen him.

4. CRIMINAL LAW—TRIAL—ARGUMENT OF COUNSEL.—Where, in a prosecution for selling whisky to Indians, the prosecuting attorney in his argument to the jury said, "This alcohol was there and used as a mixture for the purpose of selling to these Indians," and in answer to objection by defendant's counsel to such statements further said, "I am arguing what he did do . . . he mixed it up in a decoction, and sold it to the Indians," these remarks of the prosecuting attorney did not constitute reversible error, the court having instructed the jury that sale of alcohol would not sustain the charge of having sold whisky, for which accused was being tried.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Richard E. Sloan, Judge.   Affirmed.

The facts are stated in the opinion.

J. F. Wilson, and E. S. Clark, for Appellant.

J. L. B. Alexander, United States Attorney, and Edwin F. Jones, Assistant United States Attorney, for Respondent.

APPEAL from a judgment of the District Court of the Fourth Judicial District.   Richard E. Sloan, Judge.   Affirmed.

The facts are stated in the opinion.

J. F. Wilson, and E. S. Clark, for Appellant.

The defendant was indicted for selling whisky to this Indian.   There was no charge that he sold alcohol or used it in any manner whatever; hence it was a clear variance from the charge.   It was immaterial, and not only immaterial, but it was incompetent to prove the charge made, and any testimony, therefore, permitted to be used at the trial by the court to secure the conviction which was had regarding the alcohol had or sold on the premises of defendant was error. The testimony was so prejudicial, or calculated to be, that a fair conviction could not be had, but that it was immaterial and incompetent clearly, see the following authorities: *State* v. *Oppenheimer,* 41 Wash. 630, 84 Pac. 588; *State* v. *Marselle,* 43 Wash. 273, 86 Pac. 586.

The testimony of the witness Maxwell, as to the presence of the witness Ybarra at defendant's store at the time Ybarra testified he was there was incompetent, and should have been excluded.   *Bennett* v. *State,* 52 Ala. 370, reported in Hawley's Crim. Rep., vol. 1, p. 188; *State* v. *Garvey,* 11 Minn. 163; *Crane* v. *Town of Northfield,* 33 Vt. 124; *Commonwealth* v. *Cooley,* 6 Gray (Mass.), 355; *Pelamourges* v. *Clark,* 9 Iowa, 16; *Walker* v. *Walker,* 34 Ala. 469.

The remarks of the United States attorney objected to were improper, for it is a general rule that any statements made by the prosecuting officer in closing his argument to the jury, or in making any statement to the jury, who uses language

or who makes statements not based upon evidence—legitimate evidence brought out at the trial—which are calculated to prejudice the rights of the defendant on trial, is reversible error. This rule extends even to civil cases.    The attorney who misrepresents facts or who draws conclusions and makes statements in the form of argument not based upon fact calculated to prejudice the rights of the defendant, even in a civil case, commits reversible error.    In criminal cases, where the liberties of mankind are involved, and where the guard is more strictly made by the law, the error is graver still. This is declared to be the law in nearly every state in this Union. *People* v. *Greenwald,* 115 N. Y. 520, 22 N. E. 180; *People* v. *Brooks,* 131 N. Y. 321, 30 N. E. 189; *Tucker* v. *Henniker,* 41 N. H. 317; *Lauback* v. *State,* 12 Tex. App. 583; *Brown* v. *Swineford,* 44 Wis. 282, 28 Am. Rep. 582; *State* v. *Smith,* 75 N: C. 306; *Rea* v. *Harrington,* 58 Vt. 190, 56 Am. Rep. 561, 2 Atl. 475; *Newton* v. *State,* 21 Fla. 53; *Moore* v. *State,* 21 Tex. App. 666, 2 S. W. 887; *Rudolph* v. *Landwerlen,* 92 Ind. 34; *Schooltown* v. *Shaw,* 100 Ind. 268; *Hall* v. *Wolff,* 61 Iowa, 559, 16 N. W. 710; *Bremmer* v. *Green Bay etc. R. R. Co.,* 61 Wis. 114, 20 N. W. 687; *People* v. *Cook,* 148 Cal. 334, 83 Pac. 43.    The courts have repeatedly held that where damaging statements of the character named and of the kind made in this case by the prosecuting officer are made, even if the court instructed the jury to disregard them, it did not cure the error, because the effect was already in and the injury effected —it could not be withdrawn.    *People* v. *Corey,* 157 N. Y. 332, 51 N. E. 1024; *Brooks* v. *Rochester R. R. Co.,* 156 N. Y. 244, 50 N. E. 945, and cases cited on that point in *McDonald* v. *People,* 126 Ill. 150, 9 Am. St. Rep. 559, 18 N. E. 817; *People* v. *Fielding,* 158 N. Y. 542, 70 Am. St. Rep. 495, 53 N. E. 497, 46 L. R. A. 641.

J. L. B. Alexander, United States Attorney, and Edwin F. Jones, Assistant United States Attorney, for Respondent.

The answer in the form given by the witness Maxwell was admissible as a whole.    It was contradictory of the evidence given by the witness Ybarra in behalf of the defendant as to the time when Ybarra was in defendant's store and has seen the transaction between defendant and the Indian. Under the circumstances, it was legitimate for the government to contradict the witness Ybarra, as it did by the witness Maxwell, and the testimony of the witness Maxwell, of

which defendant complains, became a relevant fact in the case, and therefore admissible, the rule in that respect being that "where it is clearly shown, either directly or by relevant facts, that if a certain event had occurred or fact existed, the witness must have observed it, the evidence is received, and the observing witness is permitted to state in connection with such proof the probability or certainty that he would have heard or seen or in any other way observed an alleged occurrence had it actually taken place." 17 Cyc. 83; *Haun* v. *Rio Grande W. Ry. Co.*, 22 Utah, 346, 62 Pac. 908.

The range of discussion of counsel on argument before a jury is wide, and a mere erroneous statement of evidence is not ground for a new trial. *People* v. *Barnhart*, 59 Cal. 402; *People* v. *Lee Ah Yute*, 60 Cal. 95. Counsel may express an opinion in his argument. *People* v. *McMahon*, 124 Cal. 435, 57 Pac. 224. No advantage can be taken of the alleged misconduct of an attorney on the argument, unless the interposition of the court is asked and an exception taken to its refusal. *People* v. *Shem Ah Fook*, 64 Cal. 380, 1 Pac. 347; *People* v. *Beaver*, 83 Cal. 419, 23 Pac. 321; *People* v. *Abbott*, 101 Cal. 647, 36 Pac. 129; *People* v. *Kramer*, 117 Cal. 651, 49 Pac. 842.

DOAN, J.—The appellant in this case, R. M. Bruchman, was tried in the district court of the fourth judicial district on the twenty-first day of June, 1906, on the charge of selling whisky to Indians in Navajo county within the said fourth judicial district, and from the judgment and sentence of the court, pronounced upon a verdict of guilty by the jury, he has appealed to this court.

The first error assigned is the ruling of the court on the competency of an Indian named To-hai-be-ga, as a witness for the prosecution. We have examined the testimony of this witness on his *voir dire* and are satisfied that he was competent to testify. In this connection it is well to state that the examination of the witness was made in the presence of the jury, who could observe the degree of intelligence shown by him, and take it into consideration in determining the weight to be given to his testimony.

The second error assigned is based upon the admission of certain testimony from this same witness, and is untenable, for the reason that this testimony was given on redirect examination, in explanation of the testimony relative to the same facts, that had been first elicited from the witness by the

counsel for the defendant in cross-examination, and, while this testimony might have been subject to objection if originally introduced by the prosecution, it was fully competent in explanation of the testimony that had been put in the record by the counsel for the defense.

The third error assigned is based upon the cross-examination of the defendant, who was asked by the United States attorney: "Q. How much alcohol did you have there?" "Did you ever keep any alcohol there?" "Did you have a barrel of alcohol?" Which questions were permitted by the court to be answered, over objections by defendant's counsel. The circumstances of the case, and the character of the evidence theretofore given, rendered this testimony perfectly competent. The defendant was being tried on a charge of selling whisky to Indians, the scene of the alleged transaction was a country store or trading-post on the Indian Reservation, and distant twelve miles from the railroad, the defendant had testified in regard to the whisky, beer, and intoxicating liquors that he had, at the time of and prior to the alleged offense, kept at his little store or trading-post, and, after having so testified, he was interrogated on cross-examination in regard to what alcohol, if any, he kept about the premises. We find no error in the ruling of the court in this instance.

The fourth error assigned is based upon the following testimony of a witness named Maxwell in regard to one Calletano Ybarra, who had testified in behalf of the defendant that he was at the store between 9 and 10 o'clock on the morning of the day in question, and had seen and heard some transaction there between the defendant and a certain Indian; and, in rebuttal, Maxwell was asked if he had seen Ybarra at Bruchman's on that day. "Yes, sir. Q. Do you know what time he arrived? A. He drove in there between 2 and 3 o'clock in the afternoon. Q. Did you see him drive in? A. I saw him drive in with a woman. Q. Which way was he coming from? A. From toward Winslow. Q. Was he there in the forenoon at all? A. I did not see him; if he had been there I would have seen him. Q. You were around there? A. I was around there." The statement, "if he had been there I would have seen him," was objected to, on the ground that it was a conclusion of fact to which a witness could not testify, and a motion was made to exclude it on that ground, and the court denied the motion. The competency of such testimony depends upon circumstances. This was very aptly

illustrated by the learned judge of the lower court in this case.  He said: "If one said, 'John Jones was not in New York, because, if he had been there, I would have seen him,' the answer would be inadmissible; but if he had said, 'He was not in a certain room in New York because I did not see him; I was there, and, if he had been there, I would have seen him'—that would be admissible."  In this instance .there is nothing in the record to indicate that the statement of the witness Maxwell was not perfectly competent.  The store or trading-post was described as a little two-room building.  The witness Maxwell had testified that he knew Ybarra personally. There were not many persons present other than Indians, and, unless something to the contrary appears, it would seem that he could therefore testify correctly and definitely of his own knowledge as to Ybarra's presence or absence at that time. No circumstances of the occasion, or condition in regard to the store or premises adjacent thereto, appears in evidence, tending to show that it was possible for the witness Ybarra to have been present at any time after Maxwell's arrival that day without Maxwell seeing him.

The last assignment of error is based upon the alleged misconduct of the United States attorney, who, in his argument to the jury, said: "This alcohol was there and used as a mixture for the purpose of selling to these Indians"; and upon the counsel for the defendant objecting to the statement, the United States attorney replied: "I am arguing what he did do.  I am drawing the inference from what was there and from what he did do.  He mixed it up in a decoction and sold it to the Indians."  Whereupon, at the request of the counsel for the defendant, the court instructed the jury that the sale of alcohol would not sustain the charge on which the defendant was then being tried.

There does not appear to be anything in this statement to constitute reversible error, or entitle the defendant to a new trial.  The statement of the counsel by way of argument as to what might have been done, was entitled to go to the jury, as any other argument counsel might present, based upon or inferred from the facts placed in evidence.  The instruction of the court to the jury, that the defendant being charged with selling whisky, the sale of alcohol, if they should believe such had been made, would constitute no offense under the charge on which the defendant was then being tried, and should therefore not be taken into consideration by them,

would protect the defendant from the jury improperly considering this statement as anything other than argument.

No reversible error appearing in the record, the judgment of the lower court is affirmed.

KENT, C. J., and CAMPBELL and NAVE, JJ., concur.