ALBERT M. BERKSON *v.* MARY A. POST, DOING
BUSINESS AS R. H. POST STUDIO OR RICH-
ARD H. POST STUDIO.

No. 2712.

ARGUED JUNE 15, 1949.                    DECIDED JUNE 24, 1949.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE
TOWSE IN PLACE OF CRISTY, J., DISQUALIFIED.

OPINION OF THE COURT BY LE BARON, J.
(Kemp, C. J., concurring.)

This is an action for breach of employment contract.
The cause was tried before a jury which found for the
plaintiff and awarded him damages against the defendant.
The trial judge allowed the defendant's bill of thirteen
exceptions, of which seven are urged and relied upon.

The following pertinent facts from the undisputed
evidence and from the general state of the record are
briefly stated.

The employment contract is established by correspond-
ence between the parties when the defendant was in
Honolulu, Territory of Hawaii, and the plaintiff in Los
Angeles, State of California, the plaintiff having been con-
tacted by a third person at the instance of the defendant.
It is for the employment by the defendant of the plaintiff
as a portrait photographer at the salary of $150 a week
for a period of one year. The plaintiff made it clear to

the defendant by letter that he was not "a good negative retoucher." Moreover, no terms of the contract specified that the plaintiff's work of photography should be to the satisfaction of the defendant. Pursuant to this reciprocal contract of employment, the plaintiff arrived in Honolulu and the next day entered into the performance of his contractual duties. Approximately two weeks thereafter, the employment was terminated.

The plaintiff testified that he duly performed his part of the contract until the defendant discharged him without cause on the ground that she could not afford to pay $150 a week to him and pay a salary to a retoucher in addition. By way of defense, the defendant testified that the plaintiff voluntarily quit his employment with her immediately after a conversation between them in which the defendant suggested that the plaintiff take, and in which he refused to take, a salary less than the one agreed upon, the suggestion being prompted by the plaintiff's inability to do retouching work but not by reason of any incompetency on his part to do the work of photography, even though the defendant had theretofore expressed dissatisfaction therewith.

The first exception to be considered alleges error to the trial judge's sustaining of the plaintiff's objection to a question propounded to him on cross-examination by the defendant. The question concerned an employment entered into by the plaintiff subsequent to the termination of his employment with the defendant, but within the period of contract. By it the defendant asked the plaintiff whether or not his subsequent employer did "express himself or make any statements" to the effect that the plaintiff's work "failed to come up to standards" set by that employer. The objection thereto on the ground of hearsay was sustained, the trial judge, however, ruling that cross-examination with respect to circumstances of subsequent employ-

ment should be confined to matters of mitigation of damages. But the defendant does not, and with reason could not, challenge the ground of hearsay, nor did she, or reasonably could she, contend that the standards of a third party were material to any terms of the contract between the parties themselves. She does, however, direct her attack against the trial judge's ruling upon the scope of cross-examination without attempting on. her part to explore any failure of duty to reduce damages or any unreasonable refusal to continue in subsequent employment on the part of the plaintiff, nor does she in any of the exceptions relied upon question the amount of damages awarded. Not having been precluded therefrom, the defendant has no cause of complaint against the ruling, nor did she properly preserve any error thereto by those exceptions. The particular exception, therefore, is patently devoid of merit and accordingly overruled.

The remaining six exceptions allege error to the admission and rejection of evidence upon the question of the plaintiff's competency to perform his part of the contract as raised by his theory of the case that he was discharged without cause. The trial judge admitted evidence of competency but rejected an offer to adduce evidence of incompetency. The evidence of competency consists of samples of the plaintiff's handiwork in the field of photography including portrait photographs and reprints of commercial photographs in magazines, all made and published prior to his employment with the defendant, and one portrait made after the termination of that employment. The evidence of incompetency consists of the proffered testimony of an expert witness that "portraiture is a much higher form of photographic art than commercial photography"; that "while a good portrait photographer would also be a good commercial photographer, * * * the reverse is not the fact"; that "a photographer should know re-

touching work and be competent at it"; that "at a salary of $150 a week it would be expected that a photographer would do portrait and retouching work"; that "the finished work," which the plaintiff did for the defendant would be criticized by the expert witness "on the basis of improper composition of pictures, improper use of lights, and shadowing." The defendant does not seriously argue that this offer in so far as it concerns retouching work is material to the question of competency. Nor to that extent does this court find such offer material where as here the plaintiff had set forth in the contract that he was not "a good negative retoucher." But the defendant strenuously argues that the offer in so far as it concerns portrait photography is material to that question. He contends that to have denied it was prejudicial and to have admitted any evidence of competency upon such question aggravated the prejudice.

A strong presumption of prejudice arises from the character of the alleged errors, assuming without deciding that they intervened, in preventing the defendant from adducing related evidence of incompetency after permitting the plaintiff to adduce extraneous evidence of competency. But the record with clearness and with greater strength than shown by the presumption rebuts it and indicates that the errors of trial did not influence the final decision of the case to the prejudice of the defendant. Consequently, the errors are not reversible errors nor are they reviewable. (See *Tennessee Power Co.* v. *Tennessee Valley Authority,* 306 U. S. 118, 83 L. ed. 543; *Twachtman* v. *Connelly,* 106 F. [2d] 501; *Phoenix Baking Co.* v. *Vaught,* 62 Ariz. 222, 156 P. [2d] 725.) There is no need therefore to consider the arguments and authorities, advanced and cited by counsel for the purpose of establishing that the errors themselves either did or did not exist. Nor is it necessary to determine whether or not the defense of

incompetency or of good cause for discharge, precluded at it was by the denial of the defendant's offer of proof, is in fact inconsistent with and repugnant to her defense that the plaintiff quit his employment voluntarily. Suffice it to look at the record.

The trial court not only at the outset of the defendant's case in the presence of the jury and while the defendant as first witness was on cross-examination, limited evidence of competency or incompetency already adduced and to be adduced to the testimony of the parties themselves for the purpose of the testing by the jury of their credibility on the question of the employment's termination, but at the close of trial instructed the jury that "all testimony introduced in this case bearing on the competency or incompetency of the plaintiff, Albert M. Berkson, as a photographer is not relevant to the issue of whether or not the defendant is liable to the plaintiff for breach of contract and must not be considered by you in determining whether the defendant is guilty of a breach of the contract" and that "Since Mrs. Post by her testimony has stated that she did not fire Mr. Berkson, it is entirely irrelevant to the issue of this case whether or not Mr. Berkson was competent or incompetent as a photographer or whether or not Mrs. Post was satisfied or dissatisfied with the work of Mr. Berkson."

The above limitation and instructions were not made the subjects of exception by the defendant nor did she object to them. Hence they are not subjects of attack by her or of review by this court. But they are subjects of record to be considered to the extent of any operative effect they may possess to rebut the presumption of prejudice. The limitation during the course of trial was amplified at the close of trial by the final instructions of the trial court. These instructions, whether right or wrong, constituted the law of the case upon the paramount issue

of the defendant's liability to the plaintiff for breach of contract, to which all other issues were subordinate. In so instructing the jury, the trial court did not submit the question of competency but rather eliminated it from the case by placing that question beyond the jury's field of permitted endeavor to consider or determine. Consequently, errors of trial, if any intervened, in admitting and rejecting evidence upon such question are not reversible errors. (See *Wissman* v. *Pearline*, 235 Mo. App. 314, 135 S. W. [2d] 1.) This is premised upon the proposition that the jury presumably followed the trial court's instructions, under which the reasonable inference is that such errors had no influence on the jury in reaching its verdict of liability and in assessing damages therefor. In correlation to that proposition, had such errors not been committed, it reasonably cannot be said that the result of the verdict would have been different or that the amount of the damages would have been less. Neither does the defendant contend that without the evidence of competency and with the evidence of incompetency the judgment would be incapable of being sustained or would have been for the defendant. Nor does she claim that the damages are excessive. The law of the case as given by the trial court to the jury without objection or exception from the defendant thus rendered the alleged errors harmless and constitutes a record which not only rebuts the presumption of prejudice arising from the character of the errors if committed as alleged, but affirmatively demonstrates that no ultimate prejudice was created by the alleged errors.

Exceptions overruled.

*J. E. Collins* (*Smith, Wild, Beebe & Cades,* also on the briefs) for defendant.

*R. G. Hogan* (*Pauline Day Bakst* with him on the brief) for plaintiff.

442

I concur in the conclusion that the exceptions should be overruled but I prefer to consider the issues raised by the bill of exceptions and argued by counsel. In other words, to consider the case on the issues raised in the trial court and there decided.

The facts necessary for this opinion are contained in the opinion of Mr. Justice Le Baron.

The defendant having testified "I did not fire Mr. Berkson, he quit," the court rejected evidence of defective photography by plaintiff, proffered by the defendant. Unless this evidence was offered to justify the discharge of plaintiff it was not material to any issue in the case. If proof of one of these defenses would necessarily disprove the other the court correctly ruled out the evidence of the second defense. As I understand the argument of counsel for the defendant, he admits as much, and I agree, notwithstanding the provisions of sections 10076 and 10077, Revised Laws of Hawaii 1945, which provide in effect that under a general denial the defendant may give in evidence as a defense to any civil action any matter of law or fact whatever.

Proof that the defendant discharged the plaintiff for cause would certainly disprove the contention that he was not discharged but voluntarily quit. There is therefore no necessity for assuming error in the rejection of said evidence and relying on the court's instruction, to which no exception was saved to overcome the assumed error.