436 P.2d 494

**Dennis Lee DOUBEK, a minor, by. his next
friend, Clarence J. Doubek, and Clar-
ence J. Doubek, Appellants,**

v.

**Albert J. GRECO and Margaret Greco,
husband and wife, Appellees.**
**No. 2 CA–CIV 184.**

Court of Appeals of Arizona.

Jan. 23, 1968.

Rehearing Denied Feb. 27, 1968.
Review Denied March 19, 1968.

Lesher, Scruggs, Rucker, Kimble & Lindamood, and Gordon S. Kipps, Tucson, for appellants.

Spaid, Fish, Briney & Duffield, by Richard C. Briney, Tucson, for appellees.

HATHAWAY, Chief Judge.

This is an action for personal injuries sustained by the appellant, Dennis Doubek, while a minor 18 years of age. The cause was tried to a jury and a verdict was returned in favor of the defendants. The plaintiffs' motion for new trial was denied and judgment was entered for the defendants.

As we understand the facts, shortly after dark on the evening of December 3, 1962, Dennis Doubek was east bound on Ajo Road, a four lane street with two lanes carrying east bound traffic and two lanes carrying west bound traffic. Young Doubek, riding a yellow motor scooter, was en route from his home to a Naval Reserve meeting and was wearing his full dress blue Navy uniform. Albert J. Greco, accompanied by his family, was at that time driving his 1956 Chevrolet BelAir in a westerly direction along Ajo Road. Greco started a left turn out of the west bound lane across the east bound lane to park at Ming's Market, his intended destination, located on the south side of Ajo Road. On crossing into the east bound lane, Mr. Greco heard a thud and an object smashed against the windshield of his automobile on the passenger's side. He stopped, got out of his car and discovered that he had collided with a motor scooter. An unidentified person undertook to remove young Doubek to the curb and Mr. Greco assisted. Shortly thereafter Doubek was taken to a hospital.

Dennis Doubek suffered severe injuries and recalled nothing of the circumstances leading up to the collision. His last recollection, preceding the collision, was his departure from the house at which time he recalled the headlight on the motor scooter was on. The magnetto powered headlight burned only when the scooter was running. There was testimony that the area where the collision took place was lighted by an overhead street light and that the lights

from a neon sign at Ming's Market also, to some extent, illuminated the area.

The Grecos both testified that they did not see the oncoming motor scooter before the collision. They also testified, over objection, that had the headlight on the motor scooter been on, they would have seen it. The first contention of the appellants on this appeal is that the trial court committed reversible error in permitting the latter testimony. It is their position that, whether or not the headlight was on, was the ultimate question of determinative fact in the trial and that, "such statements by the appellees directly told the jury that Dennis Doubek's headlight was not on at the time of the collision. This is the same as saying Dennis Doubek was negligent or that he was operating his scooter in an imprudent manner."

■ We cannot agree. Whether the motor scooter headlight was on or was not on is an evidentiary fact and by no means the only such fact to which the jury's concern could have been limited. We believe that the Grecos' position furnished sufficient foundation to give probative force to the "negative" testimony complained of. Counsel for the appellees has directed our attention to a helpful discussion on the "negative" evidence problem found in Arizona Law of Evidence, Udall § 112. The following comment by the author seems particularly appropriate:

"* * * mere testimony by a witness that he did not see or hear an event occur has, *in and of itself,* no probative force sufficient to prove that the event did not occur.

"However, where such negative evidence is coupled with a sufficient predicate, consisting of additional testimony or circumstances, to show that the witness' position and attitude of attention was such that he would probably have heard or seen the occurrence of the event had it happened, then such negative testimony is relevant and will support a finding.

*"Effect of properly founded negative evidence*

"Where there is such a foundation, the negative evidence is of equal force and effect with the positive, and it is error to instruct the jury that positive evidence is to be preferred.

*"Where a witness testifies that a fact or event did not occur, or that he did not perceive it occur, he may testify as part of the predicate or foundation that he was in such a position that had the thing in question existed he would have seen it and that he did not see it. This is not objectionable as a conclusion."* (Emphasis supplied)

Also see Bruchman v. United States, 11 Ariz. 178, 89 P. 413 (1907) and Davis v. Boggs, 22 Ariz. 497, 199 P. 116 (1921).

Appellants cite Lee Moor Contracting Co. v. Blanton, 49 Ariz. 130, 65 P.2d 35 (1937), holding that a witness's statement that decedent's speed was prudent, considering the conditions, invaded the jury's province; and Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215 (1942), where the court held that it was improper to permit a witness to testify on whether or not public convenience was served in granting the transfer of a liquor license. The cases are inapposite to the problem of "negative" testimony with which we are confronted. Both cases involve conclusions of the witnesses on the ultimate issue to be determined by the jury. The Grecos' testimony was evidence that they did not see the light and they were in a position to see the light had it been on.

■ The appellants next contend that the court committed reversible error in failing to give their requested instruction No. 7, which provided:

"In the absence of credible evidence on the question of whether plaintiff exercised due care, you must presume that he did. The burden is upon defendants to show to the contrary by a preponderance of the evidence. Therefore, if, under all circumstances of the case, the

evidence of the defense is not of sufficient weight to establish the defendant's allegations in this respect by a preponderance of the evidence, your findings must be in accordance with such presumption of due care."

The appellants' position is that the absence of proof available to them, occasioned in part to Dennis Doubek's retrograde amnesia, obliterating his memory of the facts leading up to the accident, required that the instruction be given that he used "due care" for his own safety. Appellants liken their situation to cases where a party has been killed and cite Davis v. Boggs, supra, involving a death action. It was there held that a comparable instruction was properly given. The court noted, 22 Ariz. at page 508, 199 P. at page 120, that:

"The law presumes that the injured party was in the exercise of due care until the contrary is made to appear. The presumption is founded on a law of nature and has for its motives the fear of pain, maiming, and death."

The appellees have pointed out that the trial judge gave the following charge to the jury on the burden of proof of the parties in relation to the question of negligence and contributory negligence:

"There are a few general principles which may be helpful to you in your determination of the negligence issues. In the first place, you cannot assume that either party was negligent simply because the other party has raised this issue in his pleadings.

"Secondly, the mere fact that an accident took place considered alone will not support any inference or conclusion that either party was guilty of negligence.

"Thirdly, you should not decide the issue of negligence on the basis of guesswork, speculation or your personal hunches unsupported by the evidence. A finding of negligence, like any other fact, must be based on actual evidence admitted into the case.

\* \* \* \* \* \*

"Negligence is never presumed, it must be proven. The law places on a person who asserts that another was negligent the burden of proving it. Thus, the Plaintiff, before he can recover, must prove that the Defendant was negligent and before Defendant can establish his defense of contributory negligence, he must prove that the Plaintiff was negligent.

"When I say that the burden of proof as to negligence rests on a particular party, I mean that such party has the burden of producing proof that the fact or facts which he asserts are more probably true than false.

"This means that if no evidence were given on either side of such issue, your finding as to it would have to be against the party. When the evidence is contradictory, the decision must be made according to the preponderance of the evidence, by which is meant such evidence, as when weighed with that opposed to it, has more convincing force and from which it results that the greater probability of truth lies there. Should the conflicting evidence be evenly balanced in your minds, so that you are unable to say that the evidence on either side of the issue preponderates, then your finding must be against the party carrying the burden of proof, namely the one who asserts the affirmative of the issue.

\* \* \* \* \* \*

"Thus, the Plaintiff must establish not only that the Defendant was negligent, but that such negligence contributed as a proximate cause of the accident, and the Defendant, on his defense of contributory negligence, must show not only that the Plaintiff was negligent, but also that such negligence contributed as one of the proximate causes of the accident."

Having informed the jury that negligence is never presumed; that it must be proven by the person asserting that another was negligent and that should the jury

find the conflicting evidence evenly balanced in their minds, they must then find against the party carrying the burden of proof, adequately informed the jury that both parties were presumed at the outset to have acted with due care. The appellant cites to this court and relies on certain California cases setting forth the California presumption of due care as evidence rule. That rule, until 1966, was compelled by California Code of Civil Procedure (West's Ann.Code) § 1963, subd. 4. However, that section and all sections of the California Code and all case law holding that a presumption is evidence have been abrogated and superseded by California Code of Evidence (West's Ann. Code) § 600, subd. a, expressly stating that "a presumption is not evidence." See also the official comment thereto stating that the above quoted words have been added to specifically repudiate the "presumption as evidence" rule.

We conclude that the jury was properly advised of the law in the premises and that their cause was prejudiced in no way in the court's refusal to give their requested instruction. Salt River Valley Water Users Association v. Arthur, 51 Ariz. 101, 74 P.2d 582 (1937); Chernov v. Sandell, 68 Ariz. 327, 206 P.2d 348 (1949); Rosendahl v. Tucson Medical Center, 93 Ariz. 368, 380 P.2d 1020 (1963).

The appellants finally contend that the trial court committed reversible error by its refusal to give appellants' Requested Instruction No. 12:

"You are instructed that the danger of left hand turns on much traveled highways between intersections is so great that they should not be attempted without the exercise of extra precaution. Left hand turns by automobiles are less frequent than at crossings, and naturally are not anticipated to the same extent as at intersections."

Appellants contend that this instruction was required in the instant case by McIver v. Allen, 33 Ariz. 28, 262 P. 5 (1927); Phoenix Baking Company v. Vaught, 62 Ariz. 222, 156 P.2d 725 (1945) and Rivera v. Hancock, 79 Ariz. 199, 286 P.2d 199 (1955). This court recognizes that *McIver* and *Vaught* at the date of those decisions required an instruction on "extra precaution." However, those cases were decided before A.R.S. § 28–754 subsec. A:

"No person shall turn a vehicle * * * to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left on a roadway unless and until the movement can be made with *reasonable safety.*"[1]

(Emphasis supplied)

In Trojanovich v. Marshall, 95 Ariz. 145, 148, 388 P.2d 149, 151 (1963), our Supreme Court, expressly citing A.R.S. § 28–754 (A), stated:

"When one turns into a private roadway he is only required to make such turn with reasonable safety."

The appellant cites to us Rivera v. Hancock, supra, which at first instance may appear to be in conflict with the above quoted language from *Trojanovich*. In *Rivera* the court stated at page 204 of 79 Ariz., at page 203 of 286 P.2d:

"Certainly one who seeks to turn from a much traveled highway into a private driveway must take extra precautions not to interfere with travelers proceeding in either direction along such highway * * *."

The court in *Rivera* does not cite A.R.S. § 28–754, subsec. A, even though that statute took effect on July 1, 1950. Since the court in *Rivera* discussed the issue only in the context of *McIver*, supra, and *Vaught*, supra, we assume the issue was not argued to the court. Furthermore, *Trojanovich* being the latest statement by our

---

1. A.R.S. § 28–754, subsec. A amended § 66–111 of the 1939 Code:
"The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made *in safety* * * *." (Emphasis supplied)

Supreme Court on this issue and specifically citing A.R.S. § 28–754, subsec. A, we must give effect to the clear and unambiguous language of the legislature (and as stated in *Trojanovich*) that the appellees, in making their left turn off Ajo Road, were only required to make such turn with reasonable safety under the circumstances. We believe this to be the better and less confusing rule since what constitutes "reasonable care" has always been relative to the exigencies of the situation in question. The trial court, recognizing this, so in instructed.[2]

Affirmed.

MOLLOY and KRUCKER, JJ., concur.

2. "Negligence is not an absolute term, but a relative one, and you should understand that it is important to consider the particular circumstances surrounding an act or omission in deciding whether a person's conduct amounted to negligence. Those circumstances enter into, and in a sense are part of, the conduct in question. An act negligent under one set of conditions might not be so under another. Generally where danger is great, more care and diligence is required than in situations where there is little risk of harm."