446 P.2d 929

Frederick Edward BROOKER, Appellant,

v.

Catherine Clare CANNY, Appellee.

No. 9285–PR.

Supreme Court of Arizona.

In Banc.

Nov. 7, 1968.

**530**

Alan Philip Bayham, Phoenix for appellant.

Moore, Romley, Kaplan, Robbins & Green, by Donald R. Wilson and Craig R. Kepner, Phoenix, for appellee.

McFARLAND, Chief Justice:

This case is before us on a petition for review of a decision of the Court of Appeals reversing a judgment of the Superior Court in favor of defendant. 7 Ariz.App. 337, 439 P.2d 309.

Plaintiff Frederick Brooker sued defendant Catherine Canny for injuries received when the pick-up truck he was driving was struck by an automobile driven by defendant. Plaintiff was going north on Palo Christi Road, and attempted to turn left into a private drive. Defendant, who was driving north behind plaintiff, attempted to pass him just as he made his turn. There was a yellow line in the northbound lane a short distance ahead of the place of the collision. Had both vehicles continued northward, defendant could not have completed passing plaintiff before passing the beginning of the yellow line. The accident occurred in broad daylight.

The jury found for defendant, and judgment was entered for her. Plaintiff appealed.

The principal question argued is the propriety of the following instruction:

"You are instructed that the danger of left-hand turns between intersections is so great that they should not be attempted without the exercise of extra precaution. Left-hand turns by automobiles between intersections are less frequent than at crossings, and naturally are not anticipated to the same extent."

Plaintiff made a timely objection to this instruction on the ground that it required him to exercise "extra precaution," and thus placed upon him a standard of extraordinary care, rather than a standard of reasonable care under the circumstances.

In plaintiff's brief before this Court, he also argued that the instruction requiring "extra precaution" upon making a left turn between intersections differs from the one approved in Phoenix Baking Co. v. Vaught, 62 Ariz. 222, 156 P.2d 725, in that the instruction there approved was limited to left-hand turns on "much-traveled highways," while in the instant case no such limitation was mentioned. Since this ground was not disclosed to the trial court, it will not be considered here. Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514.

Appellant's other ground, however, was properly brought to the trial court's attention and to ours. We will therefore examine it. The instruction developed from the language used in McIver v. Allen, 33 Ariz. 28, 262 P. 5, in which we said:

"The danger of left-hand turns on much-traveled highways between intersections is so great that they should not be attempted without the exercise of extra precaution. * * *"

It is still clear to us that the greater the danger in any situation, the greater the precaution that must be taken in order for the driver's actions to be properly described as those of "an ordinary prudent person under the circumstances." This does not mean that more than ordinary care must be used; it merely means

that ordinary care is measured by the surrounding circumstances, and that the more danger there is the more occasion there is to do different or additional acts. Since a left turn off a much-traveled highway is more dangerous between intersections than at intersections, extra precaution would be taken by an ordinary prudent man because of the circumstances, but this would still constitute only ordinary and not extraordinary care. "Extra precaution" means a precaution over and above those that would be used under the less dangerous situation of a left turn at an intersection, not a precaution over and above ordinary care under the same or similar circumstances.

The distinction, though somewhat delicate, is nevertheless very meaningful, and failure to keep it clearly in mind will quickly lead one's reasoning down the wrong path. An error at this point, in careful interpretation, is so easy, and the trap so insidious, that we ourselves fell into it in Phoenix Baking, supra, where we said:

"* * * It seems to us that the term [extra precaution] would be understood to mean something more than ordinary but less than extraordinary care. * * *

* * * * * *

"When a driver on a road where traffic is heavy makes a left-hand turn between intersections common sense requires that he should exercise more than ordinary care. * * *

* * * * * *

"Since in our view the law of the McIver case is a correct statement there can be no objection to the court reading the excerpt therefrom as a part of his instructions."

The above language cannot survive careful analysis, and is incompatible with the generally-accepted theory of negligence, which uses the objective standard of "reasonable care under the same or similar circumstances." This standard is used in every state in the union, and has been announced many times by this Court. For example, in Trojanovich v. Marshall, 95

Ariz. 145, 388 P.2d 149, we construed A.R.S. § 28–754, Subsection A, which reads:

"No person shall turn a vehicle * * * to enter a private road or driveway * * * unless and until the movement can be made with reasonable safety. * * *"

We said in Trojanovich, supra:

"* * * When one turns into a private roadway he is only required to make such turn with reasonable safety. * * *"

■ It is true that, in Trojanovich, supra, the turn was to the right rather than to the left. However, we stated that the difference in direction was an "insignificant factor." That is still our opinion, insofar as the point at issue here is concerned—namely, that the standard applicable is reasonable care under the circumstances. This standard of care automatically encompasses all left-turn situations, by the use of the limiting phrase "under the circumstances."

In order to bring our negligence doctrine into harmony with the best legal theory, we herewith overrule all language contrary to our decision in the instant case, contained in McIver, supra, Phoenix Baking Co., supra, and Rivera v. Hancock, 79 Ariz. 199, 286 P.2d 199.

In the instant case, the trial court also gave the following instructions:

"The standard by which we judge negligence is that of ordinary care * * *

"* * * a person whose conduct is set up as the standard, is not the extraordinarily cautious individual nor the exceptionally skilled one, but a person of reasonable and ordinary prudence.

"Thus negligence is defined as the doing of an act which a reasonably prudent or careful person would not do * * *

"* * * Plaintiff and the defendant were both bound to exercise ordinary care * * *

"Under the law both plaintiff and defendant are required to exercise such care as an ordinary and prudent person would exercise under the same or similar circumstances."

■ It is therefore contended by defendant that the other instructions properly defined the standard of care as that of an ordinary and prudent person under the same or similar circumstances; that the instructions should be read as a whole; and that even if the instruction complained of —which requires the exercise of extra precaution—is erroneous, the other instructions setting forth the proper standard of care prevented the error from being reversible. We cannot agree with this argument. The extra-precaution instruction is the type of instruction an attorney could single out and argue extensively before a jury, and no one would be in a position to say just what effect it might have.

■ The second assignment of error argued by the plaintiff-appellant is based on the theory that defendant was negligent in attempting to pass at a point in the road where he would have had to cross the yellow center line in order to get back into the northbound lane. A.R.S. § 28–727 authorizes the Highway Commission to establish "no passing" zones. Plaintiff requested an instruction that a violation of this statute would be negligence on the part of defendant. The court properly refused this instruction. If defendant, in crossing from the right to the left lane of traffic, had crossed the yellow line, there might be some justification for the instruction, as this would indicate that both cars had entered the no-passing zone before defendant attempted to pass plaintiff. The attempt, in the instant case, however, was admittedly commenced before the beginning of the yellow center line. Defendant might have seen the line while passing, and might then have abandoned the passing before it was too late. Obviously, merely being on the wrong side of the road before the start of the yellow line would not in itself be a violation of the statute.

■ Plaintiff's third assignment of error is predicated upon the fact that defend-

ant's attorney, in his closing argument, repeatedly injected his own opinion and belief into the case. Even though this conduct may have been improper, we cannot consider it in the absence of a proper objection in the court below. Plaintiff's only objection, below, was as follows:

"* * * I feel that this is prejudicial type of argument * * * I would ask your honor to at least in this regard, instruct the jury that the personal opinions of counsel have no bearing on this lawsuit and shouldn't be considered by them."

The court immediately complied with counsel's request and instructed the jury to that effect.

For the reasons stated herein, we are of the opinion that the Court of Appeals correctly held that the case should be reversed.

Judgment of the Superior Court reversed.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN, and LOCKWOOD, JJ., concur.