PER CURIAM.

In March, 1979, Janice Rodes attempted to turn left from a public highway near Palmer into her driveway. When she began her turn she could see a distant vehicle moving toward her at a normal rate of speed. Unfortunately, while Rodes' truck was blocking the oncoming lane her engine stalled, and before she could get it started the vehicle she had seen collided with her truck. When a state trooper arrived at the accident scene, he cited Rodes for failing to yield on a left turn, in violation of 13 AAC 02.125. Rodes was convicted following a trial before the district court in Palmer, and her conviction was affirmed by the superior court. She has appealed again, claiming numerous errors in her trial.

We do not need to address all of Rodes' claims, since we accept the state's concession of error on a dispositive point. 13 AAC 02.125 reads, in relevant part:

> *Vehicle Turning Left.* A driver of a vehicle intending to turn to the left . . . into an alley, private road, or driveway from a highway shall yield the right-of-way to a vehicle approaching from the opposite direction upon that highway so close as to constitute an immediate hazard. . . .

The state concedes that the vehicle that collided with the Rodes was not an "immediate hazard" within the meaning of the regulation. It suggests that "immediate hazard" should be defined as a vehicle situated so near and traveling so fast that there is danger of a collision if the vehicle turning left does not yield.[1] We believe that this is a sound definition.[2]

The order of the superior court affirming Rodes' conviction is reversed, and the case is remanded to that court with instructions to remand to the district court for dismissal of the complaint.

---

1. The state derives its suggestion from 10 AAC 40.010(43) (formerly 10 AAC 10.270), which defines right-of-way as "the right of one vehicle or pedestrian to proceed in preference to another vehicle or pedestrian approaching under circumstances of direction, speed and proximity which give rise to danger of collision unless one grants precedence to the other."

2. We also adopt the state's suggestion that road conditions and visibility be considered in determining whether another vehicle is an "immediate hazard." *See generally Doubek v. Greco,* 7 Ariz.App. 102, 436 P.2d 494 (1968); *Reed v. Green,* 90 Idaho 526, 414 P.2d 445 (1966); *Pennington v. McLean,* 16 Ill.2d 577, 158 N.E.2d 624 (1959); *Smith v. Gallegos,* 16 Utah 2d 344, 400 P.2d 570 (1965).

STATE of Alaska, Appellant,

v.

Robert BERNARD, Rene Hernandez, and Roland Voisine, Appellees.

No. 4591.

Supreme Court of Alaska.

March 20, 1981.

Mitchel J. Schapira, Anchorage, for appellant.

Robert C. Bundy, Asst. Dist. Atty., Larry J. Weeks, Dist. Atty., Anchorage, Daniel W. Hickey, Asst. Atty. Gen., Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

PER CURIAM.

Appellant was convicted upon his plea of nolo contendere to the crimes of inciting the commission of a crime in violation of AS 11.10.070 and grand larceny in violation of AS 11.20.140. The court sentenced appellant on the grand larceny count only, being of the view that multiple sentences were inappropriate under the rule established in *Whitton v. State*, 479 P.2d 302 (Alaska 1970). Appellant was sentenced to a term of three years of imprisonment with one year suspended and was required to make restitution. Based on our review of the record we conclude that the trial judge considered all relevant sentencing factors,[1] properly refused to consider unverified hearsay reports of prior criminal acts,[2] and that the sentence imposed was not clearly mistaken.

AFFIRMED.

1. The factors were first defined in *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).

2. *See Parks v. State*, 571 P.2d 1003, 1004 (Alaska 1977); *Sandvik v. State*, 564 P.2d 20, 24 (Alaska 1976); *Thurlkill v. State*, 551 P.2d 541, 544 (Alaska 1976).